IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LORESSA BURKETT,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY and GE COMMERCIAL FINANCE,**<br><br>**Defendants.** | FILED: JUNE 18, 2008<br>08CV3503<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE DENLOW<br><br>No.<br><br>TC<br><br>**Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, LORESSA BURKETT, by and through her counsel, LISA KANE of LISA KANE & ASSOCIATES, P.C., and complaining of Defendants, GENERAL ELECTRIC COMPANY and GE COMMERCIAL FINANCE, states as follows:

### PRELIMINARY STATEMENT

1.   This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  Plaintiff seeks mandatory injunctive relief and damages to redress Defendants' discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.   Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000e et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.   Venue is proper under 28 U.S.C. §1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, LORESSA BURKETT, is a female United States citizen who resides in Illinois.

5. Defendant, GENERAL ELECTRIC COMPANY, is a corporation properly recognized and sanctioned by the laws of the State of New York, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

6. Defendant, GE COMMERCIAL FINANCE, is a corporation properly recognized and sanctioned by the laws of the State of Connecticutt, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

## PROCEDURE

7. Plaintiff filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on May 27, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on her charge of discrimination on June 12, 2008, which was received on June 16, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – TITLE VII - SEXUAL HARASSMENT

8. Paragraphs one (1) through seven (7) are incorporated by reference as if fully set out herein.

9. Plaintiff began working for Defendants as an Administrative Assistant in January 2001. Throughout her employment, Plaintiff has performed to Defendants' reasonable expectations, as evidenced by her performance evaluations and merit-based raises.

10. During her employment at Defendants, Plaintiff worked under the direct supervision of Tom Sullivan, Chief Risk Officer.

11. Beginning in April 2007, Chief Risk Officer Sullivan subjected Plaintiff to a continuous course of abusive, demeaning, and degrading *quid pro quo* sexual harassment. Examples of such conduct follow.

12. Chief Risk Officer Sullivan began harassing Plaintiff by subjecting her to unwanted sexual comments and touching, including but not limited to:

   a. making repeated comments regarding Plaintiff's "breasts", including how "nice" or "perky" they looked;

   b. telling Plaintiff how attractive she was, that he was in love with her, and that he thought about Plaintiff all the time when away from work;

   c. making sexual comments about Plaintiff's clothing;

   d. frequently calling Plaintiff outside of business hours and leaving unwanted voice mail messages;

   e. making numerous inquiries into Plaintiff's sexual activities outside of work;

   f. repeatedly asking Plaintiff for "hugs";

   g. hugging Plaintiff without her permission, during which he would often fondle her ass; and

   h. rubbing Plaintiff's leg.

13. In addition, Chief Risk Officer Sullivan would frequently call Plaintiff on her

personal phone line and leave voice-mail messages evidencing his intentions. Such messages included, but are not limited to:

    a. Sullivan calling Plaintiff in the morning before she came in to work to ask that they go out for coffee that day;

    b. Sullivan stating "how much I enjoyed our time together today - it was fantastic" and that "I really do appreciate the way you approached everything here";

    c. Sullivan apologizing that he was "bad" and that he will get on the "straight and narrow path";

    d. Sullivan again calling after 7:00 P.M., telling Plaintiff that he was home alone, and stating that he "wanted to make sure [he] did not freak [Plaintiff] out in our conversation today"; and

    e. Sullivan calling Plaintiff while they were at a company sponsored out-of-town meeting, asking Plaintiff what room she was in, and stating that he would like to "hook" up with Plaintiff later that day.

14. Plaintiff repelled Chief Risk Officer Sullivan's advances and unwanted physical touching by reminding Sullivan that he was married and they both had families. Plaintiff would further extremely tense up when physically touched by Sullivan, making it well known that his touching was unwelcome.

15. Chief Risk Officer Sullivan would make references to the control he had over Plaintiff's employment, such as stating that he would have to pay Plaintiff more money so that her co-workers would not think she was "poor" and that as long as he had a job, Plaintiff would have a job.

16. Therefore, Plaintiff felt extraordinary pressure to keep Sullivan's sexual advances

quiet in light of the extreme leverage Sullivan exerted over her livelihood and ability to care for her young child.

17. In August 2007, Chief Risk Officer Sullivan planned an off-site trip which included Plaintiff. During this trip, Sullivan showed up at Plaintiff's door after working hours unannounced and entered Plaintiff's hotel room. At this time, as Sullivan's advances were becoming too extreme, Plaintiff explained that his actions had to immediately stop.

18. Following Plaintiff's repudiation of Chief Risk Officer Sullivan's advances, although his harassment tapered off and eventually ceased, Sullivan became very cold and unfriendly towards Plaintiff.

19. In May 2008, Defendants informed Plaintiff that her employment was being terminated for the purported reason of a position elimination. However, Defendants did not terminate the employment of less tenured Administrative Assistants in her group, including Vicki Apperton and Michael Scurry.

20. On information and belief, Chief Risk Officer Sullivan recommended the termination of Plaintiff's employment following Plaintiff's repudiation of his sexual advances.

21. The aforementioned acts and omissions of Defendants constitute unlawful *quid pro quo* sexual harassment against Plaintiff because of her sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

22. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LORESSA BURKETT, prays for judgment against Defendants and

respectfully requests that this Court:

    A.    Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B.    Grant a permanent injunction restraining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

    C.    Order Defendants to make whole LORESSA BURKETT by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

    D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendants;

    E.    Grant Plaintiff her attorney fees, costs, disbursements; and

    F.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

23.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

                          Respectfully submitted,
                          LORESSA BURKETT, Plaintiff,


By:  s/Lisa Kane
       Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Loressa Burkett<br>19412 Elm Drive<br>Country Club Hills, IL 60478 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8815 1310

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-05836 | Pamela Pribble,<br>Investigator Support Asst | (312) 886-7491 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_  6-12-08
John P. Rowe,  (Date Mailed)
District Director

Enclosures(s)

cc: G.E. COMMERCIAL FINANCE

RECEIVED JUN 16 2008

08CV3503
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW

TC

## Verification

I, LORESSA BURKETT, declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2008.

*[signature]*
LORESSA BURKETT